IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE MARCANTEL,<br><br>    PLAINTIFF,<br><br>    V.<br><br>LIEUTENANT ELDRIDGE, SERGEANT HANLIN,<br><br>    DEFENDANTS. | |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, SHANE MARCANTEL (hereinafter, "PLAINTIFF"), by and through his attorneys of the Blake Horwitz Law Firm, Ltd., and complaining of DEFENDANTS, LIEUTENANT ELDRIDGE and SERGEANT HANLIN, states as follows:

**JURISDICTION AND VENUE**

1.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1434(a)(3), as the federal claims are brought under 42. U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391 (b), as all or some of the parties reside in the Central District of Illinois and the events giving rise to the claims occurred in this District.

**PARTIES**

2.  PLAINTIFF, SHANE MARCANTEL, is a resident of Illinois and a citizen of the United States.

3.  DEFENDANT LIEUTENANT ELDRIDGE was at all times material and relevant hereto employed by and acting on behalf of the Illinois Department of Corrections.

4. At all times material to this Complaint, DEFENDANT LIEUTENANT ELDRIDGE worked at the Illinois River Correctional Facility.

5. At all times material to this Complaint, DEFENDANT LIEUTENANT ELDRIDGE was acting under color of state law, ordinance and/or regulation, statutes, custom and usage of the Illinois Department of Corrections.

6. DEFENDANT SERGEANT HANLIN was at all times material and relevant hereto employed by and acting on behalf of the Illinois Department of Corrections.

7. At all times material to this Complaint, DEFENDANT SERGEANT HANLIN was acting under color of state law, ordinance and/or regulation, statutes, custom and usage of the Illinois Department of Corrections.

8. At all times material to this Complaint, DEFENDANT SERGEANT HANLIN worked at the Illinois River Correctional Facility.

**FACTS**

9. On April 18, 2018, DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN approached PLAINTIFF.

10. DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN asked PLAINTIFF to sing "Happy Birthday" with coworkers for Major Bordner. PLAINTIFF reluctantly agreed.

11. DEFENDANT SERGEANT HANLIN ordered PLAINTIFF to wear ILLINOIS DEPARTMENT OF CORRECTIONS pants that were modified into shorts that included a laundry bag sewn onto the bottom to resemble lace, a sewn-on zipper on the rear seam, the words "juicy" and "sweet" written on the rear and hearts drawn onto the front of the shorts.

2

12. PLAINTIFF told DEFENDANT SEARGEANT HANLIN that PLAINTIFF did not want to wear the shorts.

13. DEFENDANT SERGEANT HANLIN told PLAINTIFF that PLAINTIFF would wear the shorts as well as a mop head as a wig. PLAINTIFF refused.

14. After PLAINITFF refused, DEFENDANT LIEUTENANT ELDRIDGE approached PLAINTIFF and ordered PLAINTIFF to put on the shorts and the mop head.

15. PLAINITIFF reluctantly agreed, and DEFENDANT LIEUTENANT ELDRIDGE ordered PLAINTIFF to go to the prison gym foyer.

16. PLAINTIFF agreed out of fear that he would be punished if he did not agree.

17. Approximately six other gay or transgender people of color were present in the prison gym foyer who were forced to sing and dance with the PLAINTIFF.

18. DEFENDANT LIEUTENANT ELDRIDGE told the group that they were to "shake their ass and drop it like it's hot in front of the Major while singing happy birthday."

19. Several other inmates were present in the gym foyer and witnessed PLAINTIFF dance for Major Bordner.

20. The actions of DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN caused PLAINTIFF embarrassment, emotional distress, and to fear for his safety.

21. On April 24, 2018, PLAINTIFF was leaving his job assignment.

22. While PLAINTIFF walked from his job assignment, DEFENDANT LIEUTENANT ELDRIDGE walked behind PLAINTIFF.

23. DEFENDANT LIEUTENANT ELDRIDGE then told PLAINTIFF that he "better get your fucking girls in line" in reference to the April 18, 2018 incident.

24. After April 24, 2018, DEFENDANT LIEUTENANT ELDRIDGE continued to harass PLAINTIFF.

25. On May 15, 2018, PLAINTIFF filed a grievance against DEFENDANT SERGEANT HANLIN and DEFENDANT LIEUTENANT ELDRIDGE for the aforementioned acts.

26. On June 22, 2018, PLAINTIFF's grievance was upheld; however, no corrective action was taken by the DEFENDANT ILLINOIS DEPARTMENT OF CORRECTIONS.

27. PLAINTIFF sent his grievances to the administrative review board; however, no corrective action was taken by the administrative review board.

## COUNT I
## 42 U.S.C. § 1983 - Cruel and Unusual Punishment Pursuant to the Eighth Amendment
### AGAINST DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN

28. The Plaintiff incorporates paragraphs 1-27 as fully set forth above.

29. DEFENDANT LIEUTENANT ELDRDIGE and DEFENDANT SERGEANT HANLIN subjected the Plaintiff to punishment that was without a penological purpose.

30. The punishment was conducted in a harassing manner in order to inflict psychological pain and humiliation on the Plaintiff.

31. The punishment was gratuitous and conducted in a way that violates contemporary standards of decency.

32. The punishment caused the PLAINTIFF to suffer embarrassment, emotional distress, mental anguish, and deprived the PLAINTIFF of his constitutional rights pursuant to the Eighth Amendment.

WHEREFORE, the PLAINTIFF respectfully requests that this Court enter a judgment in his

4

favor against DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## COUNT II
### State Law Claim – Intentional Infliction of Emotional Distress
**AGAINST DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN**

33. PLAINTIFF hereby incorporates paragraphs 1-27 as fully set forth above.

34. DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN's conduct toward the PLAINTIFF was extreme and outrageous.

35. DEFENDANT LIEUTENANT ELDRIDGE and DEFNDANT SERGEANT HANLIN intended to cause severe emotional distress to PLAINTIFF.

36. Alternatively, DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN knew that there was a high probability their conduct would cause severe emotional distress to PLAINTIFF.

37. As a proximate cause of DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN's actions, the PLAINTIFF suffered severe emotional distress.

WHEREFORE, the PLAINTIFF respectfully requests that this Court enter a judgment in his favor against DEFENDANT LIEUTENANT ELDRIDGE and DEFENDANT SERGEANT HANLIN awarding compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

The PLAINTIFF demands a trial by jury.

Respectfully submitted,

*s/ Jeffrey C. Grossich*
Attorney for Plaintiff

Blake Horwitz
Jeffrey Grossich
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741